## Isaac Pesoa, sen. *against* Thomas Passmore.

A *ca. sa.* may be served on a bankrupt after the commissioners have signed his certificate of discharge, and before it is allowed by the district judge.

SUR case stated.   A commission of bankruptcy issued against

[Pesoa *v.* Passmore.]

the defendant, and he was thereupon declared bankrupt, and on the 20th June 1803, he surrendered, *prout* certificate of commissioners.

After the forty-second day, which was the 27th July 1803, the commissioners granted further opportunities to the creditors and assignees, to examine the bankrupt from time to time, until the 20th September following ; *prout* certificate of Bird Wilson, the secretary. At the last examination the commissioners signed the certificate of discharge, and on the 23d December 1803, the district judge allowed the certificate, the commissioners having certified on the 24th November preceding, that the requisite number of creditors had given their consent.

A *ca. sa.* issued at the suit of the plaintiff, by which the defendant was taken into custody on the 12th November 1803. And it is submitted to the court on the preceding statement, whether, on the said 12th November, the defendant was exonerated from arrest by the plaintiff, and the execution and arrest thereon irregular by law, or regular.

Mr. Philips for the plaintiff, admitted, that under the 22d section of the act of congress, passed 4th April 1800, a bankrupt was privileged from arrest for forty-two days, and such further time as might be allowed for his final examination. But here his privilege ends, until the district judge allows his certificate. The enlarged time ended on the 20th September ; but though his certificate of discharge was subscribed by the commissioners, it did not receive the allowance of the judge until three months had elapsed. What was a creditor to do in such a case while matters remained in suspense ? No law forbade his remedy against the person of his debtor, and the present proceeding was regular. The law of the Union pursues the British statutes in the present particular. The protection to a bankrupt does not extend beyond the enlarged time. 1 Atky. 148. An execution taken out after the creditors had signed, but before the Lord Chancellor had allowed the certificate, was held good. 1 Term Rep. 361.

Mr. Ingersoll for the defendant, contended, that the construction *insisted upon would defeat the act of congress, and be injurious to the creditors as well as the bankrupt. The 22d section of the act has been already mentioned. The 33d section directs, that he shall at all times after his surrender, attend the assignees, upon reasonable written notice. The 34th section allows him certain sums upon the net produce of his estate, discharges him from all former debts, and exempts him from arrest for such debts. And the 60th section authorizes the commissioners to liberate a person becoming bankrupt, who shall be in prison, in case his conduct shall have been fair, so as to entitle him to a certificate in their opinion, &c. Whenever the bankrupt has submitted himself to be examined, and has assigned his property, he shall not be arrested

[Pesoa v. Passmore.]

or detained in prison. This is agreeable to the spirit of our state constitution. To effectuate the intentions of the legislature, a reasonable time must be allowed for procuring the fiat of the judge to the certificate of conformity given by the commissioners. It cannot in the nature of the thing be done immediately. The judge, to prevent surprize, will take time to consider. In the case cited from 1 T. R. 361, a distinction was taken between an execution against the goods and person of the bankrupt.

SHIPPEN, C. J. gave no opinion on the case, not having been present during the argument.

YEATES, J. The single question is, whether at the time of serving the *ca. sa.* on the 12th November 1803, the defendant was legally exonerated from the plaintiff's demand?

It was admitted by the counsel, that the requisite number of creditors had then signed the certificate, but that it was not allowed by the district judge for near six weeks after, to wit: December 23d.

It appears by the act of congress, the British statutes, and the resolutions under them, that the act of the judge or chancellor is indispensably necessary to effect the discharge of a bankrupt from the debts due by him before his bankruptcy. By the law of the United States, a bankrupt is privileged from arrest for forty-two days, and for such further time as the commissioners may allow; and by section 60, the commissioners may discharge the party from a previous execution, under existing circumstances. If it was the national will, that no bankrupt, after he has submitted to be examined, should be arrested thereafter, until a reasonable time had elapsed for the judge's signature, after the previous ceremonies have been gone through, would not this intention be expressed in the body of the act itself? Would the minutiæ of privilege and discharge be gone into *in so many important particulars, and this point be left open for conjecture and implication? In Great Britain, [*141 the protection to the bankrupt does not extend beyond the enlarged time by the commissioners. 1 Atky. 148.

We are told by Lord MANSFIELD, that many years may intervene between the signing by the creditors, and the allowance of the certificate. 2 Burr. 718. Who are impowered by law to fix the reasonable time contended for by the defendant's counsel, during which the creditors are not permitted to arrest the party who has been examined? What known settled standard is there for deciding on such reasonable period? A creditor who has determined not to prove his debt under the commission, is not obliged to wait for the fiat of the judge; and unless he is restrained by clear words from pursuing his remedy in the ordinary course of law, he may take any legal steps for the recovery of his demand. It is true, upon the allowance of the certificate, the bankrupt will be discharged from custody; but until

that period, it is uncertain whether such certificate will receive the sanction of the judge or not.

Urged by these considerations, I am obliged to declare my opinion, that at the time of serving the *ca. sa.* in the present instance, the defendant was not legally exonerated from the plaintiff's demand, and that judgment be entered for the plaintiff.

SMITH, J.   I feel myself bound to accede to the opinion which has been delivered, for the reasons which have been given, though I wished it to be otherwise.   The defendant has precluded himself by giving his bond with security, on his discharge from custody.   If he had waited for the allowance of his certificate by the judge, he would have been furnished with an adequate remedy.   I think the plaintiff has taken an undue advantage of the defendant ; but as I cannot say it is illegal, the latter can receive no relief from us.

BRACKENRIDGE, J.   I am of opinion, that the bankrupt has his privilege after examination *eundo* and *redeundo*.   The certificate of discharge takes effect from the time of its being signed by the commissioners ; and the arrest afterwards, was in my idea illegal.

Judgment for the plaintiff.